**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Case No. SA CV 09-1195-DOC (ANx)                                      Date: November 22, 2010

Title: CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON v. AMERICAN SAFETY RISK RETENTION GROUP

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

   Kathy Peterson                                    Not Present
Courtroom Clerk                                 Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                               NONE PRESENT

PROCEEDING (IN CHAMBERS): ORDER TO SHOW CAUSE

       This case comes before the Court on its own initiative.

       Federal diversity jurisdiction requires that all plaintiffs to an action be "citizens of different States" than all defendants. 28 U.S.C. § 1332(a). For diversity purposes, the citizenship of an unincorporated association depends on the citizenship of each of the association's members. *Carden v. Arkoma Assoc.*, 494 U.S. 185, 195 (1990). While the Ninth Circuit has not ruled on whether this rule regarding unincorporated associations specifically applies to syndicates in the Lloyd's market, three of the four Circuits to address the issue have decided the question in the affirmative. As the Eleventh Circuit explains, syndicates in the Lloyd's market "have no independent legal identities, but are merely 'creatures of administrative convenience,'" who "operate as an aggregation of individual members with individual contracts and obligations running to the insured." *Underwriters at Lloyd's London v. Osting-Schwinn*, — F.3d —, 2010 WL 3056606, at *7 (11th Cir. 2010) (quoting *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 858) (5th Cir. 2003)). *See also E.R. Squibb & Son, Inc. V. Accident & Cas. Ins. Co.,* 160 F.3d 925 (2d Cir. 1998); *Indiana Gas Co., Inc. V. Home Ins. Co.*, 141 F.3d 314 (7th Cir. 1998). *But see Certain Interested Underwriters at Lloyd's v. Layne*, 26 F.3d 39 (6th Cir. 1994). Indeed, based on the foregoing description, Lloyd's syndicates would seem to constitute a paradigmatic example of an unincorporated association.

       In this case, Certain Underwriters has disclosed only the citizenship of the "managing

agent" of what Defendants have classified as its "lead syndicate." Under the prevailing view that Lloyd's syndicates are to be treated, for purposes of federal diversity jurisdiction, as unincorporated associations, the requirement of complete diversity cannot be met by looking only to the citizenship of this one entity. Diversity of citizenship must be analyzed with respect to the citizenship of each member-underwriter of each syndicate named as a defendant in this action. As Certain Underwriters has not provided the court with the citizenship of each member defendant, Certain Underwriters has not met its burden of establishing complete diversity of citizenship. *See Steadfast Ins. Co. v. Certain Underwriters at Lloyd London*, 2010 WL 3749263 (C.D. Cal. 2010) (Carter, J.).

        Accordingly, it appears to the Court that this case should be removed and Plaintiff is therefore ORDERED TO SHOW CAUSE in writing on or before November 29, 2010 why this action should not be remanded to state court for failure to establish subject matter jurisdiction. Plaintiff shall submit the chambers courtesy copy of their written response to this Order to Show Cause at the November 29, 2010 scheduled pretrial conference.

        The Clerk shall serve this minute order on all parties to the action.