I                            **UNITED STATES DISTRICT COURT**
                             **CENTRAL DISTRICT OF CALIFORNIA**

**JS-6**

**CIVIL MINUTES - GENERAL**

Case No. SA CV 09-1195 DOC (ANx)                       Date: January 3, 2011

Title: CERTAIN UNDERWRITERS AT LLOYDS OF LONDON v. AMERICAN SAFETY RISK RETENTION GROUP, ET AL

PRESENT:

                      THE HONORABLE DAVID O. CARTER, JUDGE

    Kathy Peterson                               Not Present
    Courtroom Clerk                           Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

    NONE PRESENT                          NONE PRESENT

PROCEEDING (IN CHAMBERS): ORDER REMANDING THE CASE TO STATE COURT

        On November 22, 2010 the Court issued an Order to Show Cause regarding the citizenship of the Names within Syndicate 2020, the Lloyds of London Syndicate which is the Plaintiff in this case. (Docket 99). The Court heard oral arguments on this issue on November 30, 2010, and has considered Plaintiff's Response and both parties' oral representations.

        As the Court noted in its Order to Show Cause, to find diversity jurisdiction, the citizenship of an unincorporated association depends on the citizenship of each of the association's members. *Carden v. Arkoma Assoc.*, 494 U.S. 185, 195 (1990). Though the Ninth Circuit has not yet ruled on whether this rule regarding unincorporated associations specifically applies to syndicates in the Lloyd's market, three of the four Circuits to address the issue have decided the question in the affirmative. As the Eleventh Circuit explains, syndicates in the Lloyd's market "have no independent legal identities, but are merely 'creatures of administrative convenience,'" who "operate as an aggregation of individual members within individual contracts and obligations running to the insured." *Underwriters at Lloyd's London v. Osting-Schwinn*, — F.3d —, 2010 WL 3056606, at *7 (11th Cir. 2010) (quoting *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 858) (5th Cir. 2003)). *See also E.R. Squibb & Son, Inc. V. Accident & Cas. Ins. Co.*, 160 F.3d 925 (2d Cir. 1998); *Indiana Gas Co., Inc. V. Home Ins. Co.*, 141 F.3d 314 (7thCir. 1998). *But see Certain Interested Underwriters at Lloyd's v. Layne*, 26 F.3d 39 (6th Cir. 1994). The Court also pointed the parties to its decision in *Steadfast Ins. Co. v. Certain Underwriters at Lloyd London*, 2010 WL 3749263 (C.D. Cal. 2010) (Carter, J.).

MINUTES FORM 11 DOC                                           Initials of Deputy Clerk kp
CIVIL - GEN                                                           Page 1 of 2

   Plaintiff's Response reported that "[o]f the Names within the Syndicate, 10-15% are citizens of the State of Illinois, the state of incorporation of defendant Markel." Plaintiff's Response, 1. Thus, though Plaintiff argues that it believes the Ninth Circuit would find jurisdiction, its response only add to the Court's initial concern that prompted the Order to Show Cause. Under the Court's analysis in *Steadfast*, Plaintiff has failed to demonstrate diversity jurisdiction.

   Accordingly, the Court Orders this case remanded to state court for failure to establish subject matter jurisdiction.

   The Clerk shall serve this minute order on all parties to this action.